UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD THOMPSON,<br><br>          Plaintiff,<br><br>    v.<br><br>C. SEARS, et al.,<br><br>          Defendants. | Civil Action No. 18-13231 (ZNQ) (TJB)<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff Richard Thompson, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 28 U.S.C. § 1983. (ECF No. 1.) Presently before the Court is Defendants' motion for leave to file Exhibit C, filed in support of their motion for summary judgment, under seal. (EFC No. 104.) Defendants state that Exhibit C contains confidential documents that disclose personal medical information about Plaintiff. (*Id.*) Plaintiff has not filed opposition to the Motion.

    Generally, "[t]here is a strong presumption of public access to judicial records and documents." *In re Zimmermann*, 739 F. App'x 101, 103 (3d Cir. 2018). That presumption, however, "is not absolute" and is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted). The party moving to seal the records bears the burden of demonstrating why restriction is necessary. *Id.* Pursuant to Local Civil Rule 5.3(c)(3), the moving party must describe:

        (a) the nature of the materials or proceedings at issue;
        (b) the legitimate private or public interest which warrant the relief sought;
        (c) the clearly defined and serious injury that would result if the relief sought is not granted;
        (d) why a less restrictive alternative to the relief sought is not available;

> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

Defendants seek to seal documents that disclose personal medical information about Plaintiff. Courts have recognized the legitimate privacy interest in a prisoner's medical records. *See, e.g., Hubbard v. D'llio*, No. 14-7258, 2018 WL 2958605, at *7 (D.N.J. June 13, 2018) (recognizing the compelling interest in maintaining confidentiality of a prisoner's mental health records). Moreover, New Jersey law recognizes such an interest as it limits public access to a prisoner's medical records. *See* N.J.A.C. § 10A:22-2.3(a)(4) (designating as confidential those Department of Corrections records entailing "[a]ny information relating to medical . . . history, diagnosis, treatment, or evaluation"). Given these considerations, Defendants have adequately demonstrated a legitimate privacy interest that warrants the sealing of the records.[1]

As to the injury that would result if this Court does not grant the relief Defendants seek, disclosure would irreparably violate Plaintiff's privacy rights. Moreover, there exists no less restrictive alternative other than maintaining these documents under seal because the documents are necessary to aid the Court in its consideration of Plaintiff's Complaint and Defendants' Motion for Summary Judgment, and the documents contain sensitive and confidential information that, if disclosed, would harm Plaintiff's privacy interests in his medical history. Additionally, there is no prior order sealing these materials and there is no known party objecting to the sealing of the

---

[1] The Court notes that this is the only factor in Local Civil Rule 5.3(c)(3) that Defendants' moving papers adequately address. The moving papers outright omit the index required by the Rule. Moreover, the papers otherwise fail to describe "with particularity" the nature of the materials to be sealed and fail to address factors (c) through (f), leaving the Court to carry Defendants' burden of demonstrating why restriction is necessary. The Court is willing to do so in the instant case in part because sealing is needed to protect the Plaintiff's confidential information. Suffice to say, future filings should conform to the Local Civil Rules.

documents. Accordingly, restriction is necessary, and the Court will grant Defendants' Motion to Seal.

**IT IS** on this 22nd day of July 2021,

**ORDERED** that Defendants' motion for leave to file Exhibit C under seal (ECF No. 104) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail.

Zahid N. Quraishi
**United States District Judge**